# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ZUPPARDI'S APIZZA, INC.<br><br>Plaintiff<br><br>v.<br><br>TONY ZUPPARDI'S APIZZA, LLC d/b/a TONY ZUPPARDI'S APIZZA,<br><br>and<br><br>ROBERT ZUPPARDI<br><br>Defendants | )<br>)<br>)<br>)<br>) **Complaint for Damages and Injunctive**<br>) **Relief for Trademark Infringement,**<br>) **Unfair Competition, Unfair Trade**<br>) **Practices, and Related Causes of**<br>) **Action**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Zuppardi's Apizza, Inc., alleges as follows:

### NATURE OF THE ACTION

1.     This is a civil action seeking damages and injunctive relief for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1125, *et seq.*, unfair trade practices under the Connecticut Unfair Trade Practices Act (CUTPA), C.G.S. §§ 42-110a, *et seq.*, and trademark infringement and unfair competition under the Connecticut Common Law.

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over all the aforesaid causes of action pursuant to 28 U.S.C. §§ 1331 & 1338(a), and 15 U.S.C. § 1121, since this cause of

action arises under the Trademark and Unfair Competition Laws of the United States pursuant to the Lanham Act.

3.      This cause of action arises in part under the Connecticut Unfair Trade Practices Act (CUTPA), C.G.S. §§ 42-110a, *et seq.* Subject matter jurisdiction for the CUTPA claim is conferred on this Court by 28 U.S.C. § 1338(b).

4.      Supplemental jurisdiction for the CUTPA claim,  trademark infringement of Connecticut trademarks, and unfair competition under the Connecticut Common Law claim is conferred on this Court by 28 U.S.C. § 1367(a).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) in that contacts are sufficient to subject defendant Tony Zuppardi's Apizza, LLC, to personal jurisdiction in this district.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that contacts are sufficient to subject defendant Robert A. Zuppardi to personal jurisdiction in this district.

**PARTIES**

7.      Plaintiff Zuppardi's Apizza, Inc. ("Zuppardi's Apizza" or "Plaintiff") is a corporation organized and existing under the laws of the State of Connecticut, authorized to do business in the State of Connecticut, and a having principal place of business at 179 Union Avenue, West Haven, Connecticut 06516.

8.      Plaintiff Zuppardi's Apizza is engaged in the business of selling pizza, frozen pizza, pizza crusts, pizza dough, pizza shells, and prepared Italian foods (collectively, "pizza goods"), and providing restaurant services, namely, making, serving, and selling the aforementioned pizza goods, under the trademarks "ZUPPARDI'S" and "ZUPPARDI'S APIZZA," and the trade name "ZUPPARDI'S APIZZA." Exhibits A & B.

9.      Defendant, Tony Zuppardi's Apizza, LLC, d/b/a Tony Zuppardi's Apizza ("TZA") is a limited liability company organized and existing under the laws of the State of Vermont, and having a principal place of business at 19 South Main Street, Wilmington, Vermont 05363.

10.     Upon information and belief, the sole owner or member of Defendant TZA is Anthony R. Zuppardi, III.

11.     Defendant TZA has repeatedly transacted business in this district, offering for sale, and selling products and services that compete directly with Plaintiff Zuppardi's Apizza pizza goods and services, including selling pizza goods in this district under the marks "TONY ZUPPARDI'S" and/or "TONY ZUPPARDI'S APIZZA," which incorporate Plaintiff's "ZUPPARDI'S" and "ZUPPARDI'S APIZZA" trademarks respectively in their entirety, and are confusingly similar to Plaintiff's marks. Exhibit C.

12.     Upon information and belief, Defendant, Robert A. Zuppardi, resides at 99 Greystone Way, Guilford, Connecticut 06437.

13.     Defendant Robert A. Zuppardi is the father of Anthony R. Zuppardi, III.

14.     On information and belief, Defendant Robert A. Zuppardi and has personally solicited business on behalf of Defendant TZA in this district by offering for sale, selling, and delivering pizza goods to Connecticut restaurant establishments, and by promoting Defendant TZA via the Internet.

15.     This Court has personal jurisdiction over Defendants TZA and Robert A. Zuppardi by virtue of their soliciting, transacting, and doing business in this District.

## FACTUAL BACKGROUND

### A. Origins

16.     Dominick Zuppardi, a baker from Italy, moved to the United States of America, and in 1934 established a bakery baking business, selling bread in a small store believed to be located at 175 Union Avenue, Rear, West Haven, Connecticut.

17.     In 1947, Anthony Zuppardi, Sr., joined his father, Dominick Zuppardi, in the establishment of a pizza business serving pizza under the mark "ZUPPARDI'S APIZZA."

18.     The pizzas were made, served, and sold from the 175 Union Avenue address in West Haven, Connecticut.

19.     In about 1948, the business conducted by Dominick and his son, Anthony, sold pizzas as a take-out product utilizing the mark "ZUPPARDI'S."

20.     In 1963, the family business conducted under the mark "ZUPPARDI'S APIZZA" was relocated to the 179 Union Avenue address in West Haven, Connecticut, the current address of Plaintiff.

21.     Anthony Zuppardi, Sr., had four children with his wife, Frances: Anthony Zuppardi, Jr. (deceased), Robert A. Zuppardi (defendant), Cheryl Zuppardi Pearce, and Lori Zuppardi Sweeney.

22.     From about 1960, Cheryl Zuppardi Pearce worked in the Zuppardi's Apizza restaurant with her family members.

23.     From about 1966, Lori Zuppardi Sweeney worked at Zuppardi's Apizza restaurant along with her family members.

24.     From about 1948 continuously up to the present time, pizza has been sold as a take-out product under the mark "ZUPPARDI'S."

25.     From about 1947 to the present time, restaurant services, including offering for sale, selling, and serving pizza goods, has been conducted under the mark "ZUPPARDI'S APIZZA."

26.     On information and belief, sometime in the 1980's, Cheryl Zuppardi Pearce and Lori Zuppardi Sweeney, along with their brother, Defendant Robert A. Zuppardi, succeeded to the ownership of Zuppardi's Apizza.

27.     The business structure was reformed on October 5, 2000 and acceded to all right, title, and interest of its predecessors in the trademarks "ZUPPARDI'S" and "ZUPPARDI'S APIZZA."

28.     Cheryl Zuppardi Pearce and Lori Zuppardi Sweeney, along with their brother, Defendant Robert A. Zuppardi, worked together at the 179 Union Avenue address until Robert stopped working in 2004 due to health reasons.

29.     In about 2008, with family disagreements, Defendant Robert A. Zuppardi withdrew from any association and ownership of Plaintiff and the Zuppardi's Apizza business.

30.     Defendant Robert A. Zuppardi was paid approximately $134,000 by his sisters Cheryl Zuppardi Pearce and Lori Zuppardi Sweeney for his entire interest in the Zuppardi's Apizza, Inc., business.

31.     Cheryl Zuppardi Pearce and Lori Zuppardi Sweeney are the sole owners of Plaintiff Zuppardi's Apizza because of the withdrawal of their brother, Defendant Robert A. Zuppardi, and upon his withdrawal, Defendant Robert A. Zuppardi retained no rights in the marks "ZUPPARDI'S" and "ZUPPARDI'S APIZZA."

### B. The "ZUPPARDI'S" and "ZUPPARDI'S APIZZA" Trademarks

32.     Plaintiff Zuppardi's Apizza is the owner of the marks "ZUPPARDI'S" and "ZUPPARDI'S APIZZA," and has used these marks in Connecticut since at least 1948 for marketing, advertising, offering for sale, and selling pizza goods, and offering restaurant services for making and serving pizza goods and prepared Italian foods.

33.     Plaintiff Zuppardi's Apizza has acquired, and maintains, an excellent reputation and valuable good will for its business symbolized its trademarks, which are recognized as designating Zuppardi's Apizza as a particular source of origin of pizza goods and restaurant services offered by Plaintiff. Exhibit D.

34.     Plaintiff Zuppardi's Apizza is the owner of Connecticut State Registration No. 23329 for the service mark "ZUPPARDI'S APIZZA" for restaurant services, namely making and serving pizza and prepared Italian foods. Exhibit E.

35.     Plaintiff Zuppardi's Apizza is the owner of Connecticut State Registration No. 23328 for the trademark "ZUPPARDI'S APIZZA" for pizza. Exhibit F.

36.     On June 23, 2009, Plaintiff Zuppardi's Apizza filed United States Trademark Application Serial No. 77/776,245 for the trademark "ZUPPARDI'S APIZZA" for pizza in International Class 030, and for restaurant services, namely, making and serving pizza and prepared Italian foods, in International Class 043. Exhibit G.

37.     On September 22, 2009, the United States Patent and Trademark Office rejected Plaintiff's U.S. Trademark Application No. 77/776,245 for the mark "ZUPPARDI'S APIZZA" because it found a likelihood of confusion with then-registered trademark "TONY ZUPPARDI'S APIZZA," and considered the marks confusingly similar. Exhibit H.

38.     The USPTO stated in the September 22, 1009 Office Action, in pertinent part:

> In the instant case, applicant's [Plaintiff Zuppardi's Apizza] mark is "ZUPPARDI'S APIZZA" and registrant's mark is "TONY ZUPPARDI'S APIZZA" with "APIZZA" disclaimed. The mere deletion of wording from a registered mark may not be sufficient to overcome a likelihood of confusion. See *In re Optical Int'l*, 196 USPQ 775, 778 (TTAB 1977); TMEP §1207.01(b)(ii)-(b)(iii). Applicant's mark does not create a distinct commercial impression because it contains the same common wording as registrant's mark, and there is no other wording to distinguish it from registrant's mark.
>
> Here, applicant has merely deleted "Tony" from registrant's mark. Thus, the marks are so similar in their appearance, sound, connotation and commercial impression, that there is a likelihood of confusion. Therefore, the similarity prong of the test to determine likelihood of confusion is satisfied. Exhibit H, p.2.

39.     On November 4, 2009, Plaintiff Zuppardi's Apizza filed United States Trademark Application No. 77/864,609 for the stylized trademark "*Zuppardis*" for pizza in International Class 030. Exhibit I.

40.     On February 12, 2010, the United States Patent and Trademark Office rejected Plaintiff's U.S. Trademark Application No. 77/864,609 for the stylized mark "*Zuppardis*" because it considered the mark confusingly similar to the then-registered trademark "TONY ZUPPARDI'S APIZZA." Exhibit J.

41.     The USPTO stated in the February 12, 2010 Office Action, in pertinent part:

> The applicant's [Plaintiff Zuppardi's Apizza] proposed mark is ZUPPARDI'S in stylized lettering. The registrant's mark is TONY ZUPPARDI'S APIZZA in standard character form with "APIZZA" disclaimed. The respective marks are very similar in sound, appearance and meaning in that they both feature the name ZUPPARDI. If the applicant's proposed mark is allowed to register, consumers are likely to believe that applicant's goods are attributable to the registrant, i.e. Tony Zuppardi, rendering confusion likely. Exhibit J, p.2.

42.     In order to prosecute the aforementioned U.S. trademark applications for its long-held trademarks, Plaintiff had to address first the rejections by the United States Patent

and Trademark Office. On January 8, 2010, Plaintiff filed a Petition for Cancellation of Defendant TZA's registered trademark.

### C. The "TONY ZUPPARDI'S APIZZA" Mark

43.      Defendant Tony Zuppardi's Apizza, LLC, d/b/a Tony Zuppardi's Apizza ("TZA"), was formed as a limited liability company organized under the State of Vermont in September 12, 2005.

44.      On information and belief, the sole owner or member of TZA is Anthony R. Zuppardi, III. Exhibit K.

45.      Anthony R. Zuppardi, III, was born July 2, 1980, and is the son of Defendant Robert A. Zuppardi.

46.      Anthony R. Zuppardi, III, worked briefly at Plaintiff Zuppardi's Apizza in West Haven, Connecticut before opening his own pizza restaurant, "Nick & Tony's Apizza" at 381 Boston Post Road, Guilford, Connecticut.

47.      Anthony R. Zuppardi, III, never acquired rights to Plaintiff Zuppardi's Apizza trademarks or trade name.

48.      On October 31, 2007, a trademark application was filed by Defendant TZA, which resulted in the U.S. Registration No. 3,549,074 for the mark "TONY ZUPPARDI'S APIZZA" (the "'074 Registration"). Exhibit L.

49.      The application for registration of "TONY ZUPPARDI'S APIZZA" was filed and executed by attorney John W. O'Donnell of Burlington, Vermont.

50.      On information and belief, Anthony R. Zuppardi, III, principal member of Defendant TZA, instructed attorney John W. O'Donnell, on behalf of Registrant Defendant TZA, to file the application that resulted in the '074 Registration.

51.    Defendant TZA, and its principal member, Anthony R. Zuppardi, III, have never had any ownership or claim to ownership in the terms "ZUPPARDI'S APIZZA" or "ZUPPARDI'S" as a trademark, service mark, or trade name.

52.    On information and belief, Anthony R. Zuppardi, III, supplied patently false dates of first use of January 1934, and first use in commerce of September 1, 1961, to attorney John W. O'Donnell for the application for registration of the mark "TONY ZUPPARDI'S APIZZA."

53.    On information and belief, Defendant TZA fraudulently obtained the '074 Registration on December 23, 2008 for the mark "TONY ZUPPARDI'S APIZZA" for fresh pizza, pizza, pizza crust, pizza dough, and pizza sauce.

54.    The '074 Registration was based upon false allegations of first use of the mark "TONY ZUPPARDI'S APIZZA" as a trademark and/or service mark in 1934, and first use in commerce in 1961, when in fact the mark "TONY ZUPPARDI'S APIZZA"  was never in use prior to 2005.

55.    On January 8, 2010, Plaintiff Zuppardi's Apizza, through its secretary, treasurer Cheryl Zuppardi Pearce, filed a cancellation proceeding with the United States Patent and Trademark Office against Defendant/Registrant Tony Zuppardi's Apizza, LLC, petitioning for the cancellation of the '074 Registration for the mark "TONY ZUPPARDI'S APIZZA" (the "Cancellation Proceeding").

56.    After a period of discovery in the Cancellation Proceeding, in which Defendant (Registrant/Respondent) TZA, received but did not answer a set of Interrogatories or a set of Requests for Production of Documents and Things, Defendant TZA filed a voluntary surrender of the '074 Registration under 15 U.S.C. § 1057(e) [Section 7(e) of the Lanham

Act] on June 2, 2010, without the consent of Plaintiff (Petitioner) Zuppardi's Apizza. Exhibit M.

57.     Trademark Rule 37 C.F.R. § 2.134(a) provides that if the respondent in a cancellation proceeding applies to cancel its involved registration under Section 7(e) without the written consent of every adverse party to the proceeding, judgment shall be entered against respondent.

58.     On June 14, 2010, the United States Patent and Trademark Office entered judgment against Defendant TZA, and granted Plaintiff's Petition to Cancel. Exhibit N.

59.     The '074 Registration for "TONY ZUPPARDI'S APIZZA" was cancelled on June 29, 2010. Exhibit N.

60.     Plaintiff Zuppardi's Apizza currently continues prosecution of its applications for registration of the marks "ZUPPARDI'S APIZZA" and "*Zuppardi's*" in the United States Patent and Trademark Office.

### D. Defendants' Continuing Activities in Connecticut

61.     On information and belief, Defendant TZA has marketed, offered for sale, and sold pizza goods to establishments in Connecticut under the "TONY ZUPPARDI'S" and/or "TONY ZUPPARDI'S APIZZA" marks.

62.     On information and belief, Defendant TZA has continued to market, offer for sale, and sell its pizza goods to establishments in Connecticut under the "TONY ZUPPARDI'S" and "TONY ZUPPARDI'S APIZZA" marks even after the cancellation of the registration bearing that mark.

63.     On information and belief, Defendant TZA has sold, and continues to sell, frozen pizzas under the "TONY ZUPPARDI'S" and "TONY ZUPPARDI'S APIZZA" marks to

Lino's Market at 472 Main Street, Durham, Connecticut, and has advertised its pizza goods in that establishment. Exhibit O.

64.    On information and belief, Defendant TZA has sold, and continues to sell, frozen pizzas under the "TONY ZUPPARDI'S" and "TONY ZUPPARDI'S APIZZA" marks to Allegras Café at 249 West Main Street, Branford, Connecticut, and has advertised its pizza goods in that establishment.

65.    On information and belief, Defendant Robert A. Zuppardi has marketed, offered for sale, sold, and delivered Defendant TZA's pizza goods to establishments in Connecticut, including, *inter alia*, Lino's Market in Durham, Connecticut and Allegras Café in Branford, Connecticut.

66.    Defendants market, offer for sale, and sell in this district and advertise in Interstate Commerce, pizza goods that compete directly with Zuppardi's Apizza products in the same channels of commerce.

67.    Anthony R. Zuppardi, III, and Defendant Robert A. Zuppardi administer a FACEBOOK® account for Defendant TZA under the mark "TONY ZUPPARDI'S APIZZA." Exhibit P.

68.    Defendants advertise and offer for sale products and services for pizza goods, under a mark inclusive of the entirety of Plaintiff's "ZUPPARDI'S" and/or "ZUPPARDI'S APIZZA" marks.

**FIRST COUNT**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**
**IN VIOLATION OF THE LANHAM ACT, SECTION 43**
**[15 U.S.C. §§ 1125, *ET SEQ.*]**

69.     Plaintiff Zuppardi's Apizza realleges and incorporates herein the allegations of paragraphs 1-68 inclusive.

70.     This is an action for trademark infringement and unfair competition in the conduct of the Defendants' trade in violation of the Lanham Act, Section 43 [15 U.S.C. § 1125(a)].

71.     Plaintiff Zuppardi's Apizza is informed and believes that Defendants have sold, advertised, promoted, and continue to sell, advertise, and promote one or more of the competing goods and services offered by Plaintiff Zuppardi's Apizza in this district and in the same channels of interstate commerce as Plaintiff, which bear a stylized mark inclusive of the mark "ZUPPARDI'S" and "ZUPPARDI'S APIZZA," which is equivalent with, and confusingly similar to, Plaintiff's marks.

72.     Defendants' first use of the mark "TONY ZUPPARDI'S APIZZA" in interstate commerce occurred long after Plaintiff's first, continuous use in interstate commerce of Plaintiff's "ZUPPARDI'S" and "ZUPPARDI'S APIZZA" marks.

73.     Defendants' first and primary use of the mark "TONY ZUPPARDI'S APIZZA" has been, and is, without consent of Plaintiff Zuppardi's Apizza, and further is in continuing willful disregard of Plaintiff's rights.

74.     Defendant TZA's stylized portion of the word "Zuppardi's" in its mark is identical and/or confusingly similar to Plaintiff's long-standing stylized *Zuppardi's*, which Plaintiff has used continuously in this district for its goods. Exhbits C & Q.

75.     Defendant TZA's mark includes a design of a winking chef holding a pizza.  This design is eqivalent and confusingly similar to the design that Plaintiff has used continuously in association with its "ZUPPARDI'S" mark for its pizza goods since at least 1961. Exhibits C & Q.

76.     Plaintiff Zuppardi's Apizza has no control over the nature and quality of the goods and services sold by Defendants under the mark "TONY ZUPPARDI'S APIZZA," and any failure, neglect, or quality deficiency by Defendants in providing such goods and services will reflect adversely on Plaintiff Zuppardi's Apizza as the believed and indicated source of origin, and will hamper efforts by Plaintiff Zuppardi's Apizza to continue to protect its outstanding reputation for high quality goods and services of the kind protected by the aforementioned "ZUPPARDI'S" and "ZUPPARDI'S APIZZA" marks.

77.     Examiners at the United States Patent and Trademark Office have indicated that the mark "TONY ZUPPARDI'S APIZZA" is confusingly similar to Plaintiff's  marks "ZUPPARDI'S" and "ZUPPARDI'S APIZZA," and are likely to cause confusion, or cause mistake, or deceive purchasers and potential consumers as to the affiliation, connection, or association of Defendant TZA with Plaintiff Zuppardi's Apizza. Exhibits H & J.

78.     On information and belief, Defendants use of the mark "TONY ZUPPARDI'S APIZZA" in this district is likely to cause confusion, mistake, or deceive purchasers and potential customer as to the origin, sponsorship, or approval by Plaintiff Zuppardi's Apizza of Defendants goods and services.

79.     As a direct and proximate result of Defendants' acts of trademark infringement and unfair competition, Plaintiff Zuppardi's Apizza has been and continues to be injured,

and has sustained and will continue to sustain damages in an amount not presently known.

80.     Defendants' trademark infringement and unfair competition will continue unless enjoined by this Court.

## SECOND COUNT
## VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT UNDER CONNECTICUT GENERAL STATUTES §§ 42-110a, *ET SEQ.*

81.     Plaintiff realleges and incorporates herein the allegations of paragraphs 1-80 inclusive.

82.     This is an action for unfair methods of competition, and unfair and deceptive acts and practices in the conduct of the defendants' trade in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), pursuant to C.G.S. §§ 42-110a, *et seq.*

83.     This Court has pendent jurisdiction under 28 U.S.C. § 1367(a). Venue is proper under 28 U.S.C. § 1391.

84.     By committing the acts herein alleged, Defendants have engaged in unfair methods of competition and unfair and deceptive acts and practice in the conduct of trade within the State of Connecticut in violation of C.G.S. §§ 42-110a, *et seq.*, causing confusion to consumers in the trade, damage and loss profits to Plaintiff.

85.     Defendants knew or should have known that the aforementioned acts are in violation of C.G.S. §§ 42-110a, *et seq.*

86.     Plaintiff Zuppardi's Apizza has suffered an ascertainable loss of money and property as a result of Defendants' acts or practices in this district prohibited by C.G.S. 42-110a, *et seq.*

87.     Defendants' unlawful conduct will continue to cause confusion to consumers in the trade, and damage Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## THIRD COUNT
## CONNECTICUT COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

88.     Plaintiff realleges and incorporates herein the allegations of paragraphs 1-87 inclusive.

89.     This is an action for common law trademark infringement and unfair competition under the Connecticut Common Law.

90.     This Court has pendent jurisdiction under 28 U.S.C. §§ 1338(b) & 1367(a). Venue is proper under 28 U.S.C. § 1391.

91.     By committing the acts herein alleged, Defendants have engaged in trademark infringement of Plaintiff's Connecticut State registrations, unfair methods of competition, and unfair and deceptive acts and practices in the conduct of trade within the State of Connecticut in violation of Connecticut Common Law, causing consumer confusion, and damages and lost profits to Plaintiff.

92.     Defendants' unlawful conduct will continue to cause confusion to consumers in the trade, and damage Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Zuppardi's Apizza prays for relief as follows:

1.      That Defendant TZA, its respective officers, agents, servants, employees, and attorneys, and all other persons, firms, or corporations acting in concert or participation therewith, and Defendant Robert A. Zuppardi, be collectively and individually enjoined and restrained, during the pendency of this action and permanently thereafter, from: a) infringing on Plaintiff's "ZUPPARDI'S" and "ZUPPARDI'S APIZZA" marks; b) using the mark "ZUPPARDI'S" or "ZUPPARDI'S APIZZA" in connection with pizza goods and related restaurant services; c) unfairly competing with Plaintiff; and d) engaging in unfair and deceptive trade practices.

2.      That Plaintiff recovers its damages sustained as a result of Defendants' trademark infringement, unfair competition, violation of the Connecticut Unfair Trade Practices Act, and as a result of Defendants' trademark infringement and unfair competition under the common law of the State of Connecticut.

3.      That Defendants' acts be adjudged willful and this case be declared exceptional, and that Plaintiff's damages be trebled, and that Plaintiff be entitled to attorney fees pursuant to 15 U.S.C. § 1117, and punitive damages pursuant to C.G.S. §§ 42-110a, *et seq.*

4.      That Defendant TZA, its respective officers, agents, servants, employees, and attorneys, and all other persons, firms, or corporations acting in concert or participation with it, be ordered to alter, vacate, or otherwise destroy product, advertisements, catalogs, brochures, and internet sites, promoting goods and/or services under the mark "TONY

ZUPPARDI'S APIZZA," including implementing the remedies pursuant to 15 U.S.C. § 1118, and that Plaintiff recover the damages sustained as a result of Defendants' use of said products and literature.

5.      That Defendants account for (a) all gains, profits, and advantages derived by Defendants by said trade practices and unfair competition, and (b) all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's trademarks.

6.      That Plaintiff be granted such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, Zuppardi's Apizza, Inc., hereby demands a jury trial on all issues raised by the claims herein and triable of right by a jury.

Respectfully submitted,

**ZUPPARDI'S APIZZA, INC.**

Date: __August 17, 2010__

By: _____
Anthony P. DeLio
Fed. Bar No. CT06035

Date: __August 17, 2010__

By: _____
Robert Curcio
Fed. Bar No. CT18791

**DELIO & PETERSON, LLC**
121 Whitney Avenue
New Haven, CT 06510
Tel.: (203) 787 – 0595
Fax: (203) 787 – 5818
Email: efilings@delpet.com
Attorneys for Plaintiff

zupp902_complaint.doc

-18-