```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

ZUPPARDI'S APPIZZA, INC.,        :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :    CASE NO. 3:10-CV-1363(RNC)
                                 :
TONY ZUPPARDI'S APPIZA, LLC      :
ET AL.,                          :
                                 :
     Defendants.
```

RULING ON MOTIONS TO AMEND PLEADINGS

Pending before the court are the plaintiff's Motion for Leave to File Amended Answer to Counterclaim, doc. #43, and Motion for Leave to File Amended Complaint, doc. #44.[1] The defendants contend that the proposed amendments are unduly delayed, prejudicial and futile.

Rule 15(a) provides that a party may amend its pleading once as a matter of course either within 21 days after serving it or 21 days after the service of a responsive pleading or motion. Thereafter, a party may amend its pleading only by leave of court or written consent of the adverse party. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Where the court has entered a scheduling order, the lenient standard under Rule 15(a) must be balanced against the requirement of Rule 16(b) that the Court's

---

[1] District Judge Robert N. Chatigny referred the motions to the undersigned for a ruling. (Doc. #114.)

scheduling order "shall not be modified except upon a showing of good cause."  Grochowski v. Phoenix Construction, 318 F.3d 80, 86 (2d Cir. 2003) (quoting Fed. R. Civ. P. 16(b)).  Under Rule 16(b), a court may exercise its discretion to deny a motion to amend due to the moving party's undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previously allowed amendment, undue prejudice to the opposing party or futility of the amendment.  Parker v. Columbia Pictures Indus., 204 F.3d 326, 339-40 (2d Cir. 2000).

"Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).  An "[a]mendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute."  City of New York v. Group Health Inc., 649 F.3d 151, 158 (2d Cir. 2011) (quotation marks omitted).

As for futility, a motion to amend may be denied as futile "[w]here the amended portion of the complaint would fail to state a cause of action."  Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000).  The burden of proving futility rests on the party opposing the amendment.  Schaghticoke Tribal Nation v. Norton, 06cv81(PCD), 2007 WL

867987, at *11 (D. Conn. March 19, 2007).  "[I]n making this determination, the court should not consider the merits of a claim or defense on a motion to amend unless the amendment is clearly frivolous or legally insufficient on its face."  Id. (quotation marks omitted).

    A.  <u>Plaintiff's Motion to Amend the Complaint, doc. #44</u>

        1.  <u>Proposed Infringement Claim</u>

The original complaint alleges trademark infringement under section 43 of the Lanham Act, 15 U.S.C. §§ 1125 <u>et seq.</u>, which applies to infringement of both registered and unregistered trademarks.  The plaintiff's first amendment would add a claim for infringement of a registered trademark in violation of section 32 of the Lanham Act, 15 U.S.C. §§ 1114 <u>et seq.</u>  The proposed claim would apply specifically to infringement of the plaintiff's trademark following its registration in December 2010, three months after the complaint was filed.

This amendment would not be prejudicial within the meaning of Rule 16(b).  Although the motion was filed about five weeks before the close of discovery, the proposed claim rests on conduct related to the existing infringement claim and requires no additional fact discovery.  Nor would the claim be patently futile.  The defendants argue that the conduct alleged in the complaint could not have violated a registered trademark because the registration did not issue until after the complaint was

filed.  This argument ignores the allegations in the complaint that the infringing conduct is ongoing.  (Compl., doc. #1 ¶¶ 61-68.)  The defendants have not met their burden of showing that the proposed claim is legally insufficient on its face.

### 2. Proposed CUTPA Allegation

The plaintiff also proposes to amend its CUTPA claim to state that defendant Robert Zuppardi began marketing and selling pizzas for the plaintiff's competitor before he sold his one-third share of the plaintiff, that is, while he still owed a fiduciary duty to the plaintiff.  The plaintiff explains that this information was not included in the original complaint because it first came to light in Robert Zuppardi's deposition.

The proposed amendment would not be prejudicial.  The new allegations rest on conduct set forth in the existing CUTPA claim on which the parties have taken discovery.  The facts regarding Robert Zuppardi's ownership and sale of a one-third share of the plaintiff are well known to all parties and require no further discovery.

Nor is the proposed amendment patently futile.  The defendants argue that because the amendment is barred by the CUTPA statute of limitations because the plaintiff proposed it more than three years after the alleged conduct.  See Argus Research Group, Inc. v. Argus Media, Inc., 562 F. Supp. 2d 260, 279-80 (D. Conn. 2008) (three-year CUTPA statute of limitations

4

begins to run from date of act or omission complained of).  The plaintiff counters that the amendment is not time-barred because it relates back to the CUTPA claim in the original complaint pursuant to Rule 15(c).  In determining whether an amended pleading relates back, "the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading. . . .  Where the amended complaint does not allege a new claim but renders prior allegations more definite and precise, relation back occurs."  <u>Slayton v. Am. Express Co.</u>, 460 F.3d 215, 228 (2d Cir. 2006) (internal quotations and citations omitted).  Here, the original complaint alleged that the manner in which the defendants marketed and sold pizza violated CUTPA.  The proposed amendment alleges more precisely that the CUTPA claim includes conduct occurring while Robert Zuppardi still owned a one-third share in the plaintiff.  It satisfies Rule 15(c) and is not time-barred.

       3.  <u>Proposed Reference to CUTPA in Demand for Attorney's Fees</u>

The plaintiff finally proposes to amend its complaint to add a citation to Conn. Gen. Stat. §§ 42-100g(d), a provision of the Connecticut Unfair Trade Practices Act (CUTPA), in its demand for attorney's fees.  Requests for attorney's fees are an

ordinary component of a CUTPA claim. The defendants had notice of the plaintiff's CUTPA claims and intention to seek attorney's fees. This clerical amendment would not be prejudicial.

In light of the foregoing, the plaintiff's Motion for Leave to File Amended Complaint, doc. #44, is GRANTED.

B. <u>Plaintiff's Motion to Amend Answer to Counterclaims, doc. #43</u>

In January 2011, the defendants filed a counterclaim seeking cancellation of the plaintiff's "Zuppardi's" trademark. (Doc. #7 at 14-17.) Shortly thereafter, the plaintiff filed its answer to the counterclaims. (Doc. #9.) It now seeks to add a new affirmative defense, namely, that defendant Robert Zuppardi is barred from attacking the trademark registration because he formally agreed not to interfere with the plaintiff's business operations. (Doc. #43.) The plaintiff concedes that the amendment would require additional discovery (<u>see</u> <u>id.</u> at 2) and fails to establish good cause for not including it previously. The amendment would unjustifiably burden the defendants. <u>See</u>, <u>e.g</u>, <u>Lyddy v. Bridgeport Bd. of Educ.</u>, No. 06cv1420(AHN), 2008 WL 5117679, at *1-2 (D. Conn. Dec. 4, 2008) (despite lenient standard of Rule 15(a), denying leave to amend where delay was caused by moving party's lack of diligence). The plaintiff's Motion for Leave to File Amended Answer to Counterclaims, doc. #43, is DENIED.

6

SO ORDERED at Hartford, Connecticut this 30th day of March, 2012.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge